RECEIVED
JUN 0 3 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| S & S INVESTMENT COMPANY, INC. | CIVIL ACTION NUMBER 09-0716 |
| VERSUS | DISTRICT JUDGE WALTER |
| PETROHAWK PROPERTIES, LP, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Remand [Record Document 5], filed on behalf of Plaintiff, S & S Investment Company, Inc. Plaintiff requests the case be remanded to the proper Louisiana state court on the basis that all defendants failed to join in the Notice of Removal as required by 28 U.S.C. § 1446.

**I.    FACTUAL BACKGROUND**

S & S Investment Company, Inc. ("Plaintiff") filed suit in the First Judicial District Court, Caddo Parish, State of Louisiana against Petrohawk Properties, LP ("Petrohawk") and Eli Rebich ("Rebich") for cancellation of a mineral lease and for damages. Long-arm service was effected on Rebich on April 13, 2009 and Petrohawk on April 15, 2009. Petrohawk filed a Notice of Removal on April 30, 2009 based diversity jurisdiction. [Rec. Doc. 1]. Although Rebich did not expressly join in the Notice of Removal, Petrohawk included an assertion that: "All Defendants join in this Notice of Removal." *Id.*

On May 13, 2009, Plaintiff filed a Motion to Remand [Rec. Doc. 5] on the basis that all defendants failed to join in the removal petition. One week later, after the thirty-day period for removal expired, Rebich filed Consent to Removal. [Rec. Doc. 7].

## II. DISCUSSION

In order to comply with the removal requirements set forth in 28 U.S.C. § 1446, all served defendants must join in the notice of removal or file written consent to removal "no later than thirty days from the date on which the first defendant was served." *Getty Oil v. Ins. Co. of N. America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988); *Killen v. Atlantic Paper & Foil, LLC.*, 2007 WL 4299990, *1 (W.D.La.), citing *Farias v. Bexar County Board of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991); *Riles v. Stevens Transport, Inc.*, 2006 WL 3843029, *1 (W.D.La). While it is true that consent is all that is required to satisfy § 1446, "a defendant must do so itself." *Getty Oil*, 841 F.2d at 1261 n.11. "This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action." *Id.*, 841 F.2d at 1262 n.11; *see also, Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002).

In the Notice of Removal, Petrohawk alleged: "All Defendants Join in this Notice of Removal." [Rec. Doc. 1]. But the notice lacked any allegations indicating Petrohawk had the authority to formally or otherwise represent to the Court that Rebich consented to removal. Consequently, Petrohawk's Notice of Removal fails to satisfy the unanimity requirement of § 1446. Further, the Consent to Removal filed by Rebich 37 days after service is irrelevant. *See Killen*, 2007 WL 4299990, *2. *Getty Oil* makes clear that the Consent to Removal filed after the expiration of the thirty-day removal period cannot cure any defects that exist in the Notice of Removal. *Id.* at n.1, *citing Morales v. Shaffer*, 2007 WL 3237457 (E.D.La.) ("The requirement that a defendant give consent within 30 days after the first defendant receives service is a rigid

rule.").

## III. CONCLUSION

Plaintiff timely moved to remand based on a procedural defect in the removal. Because the facts do not reflect adequate, timely consent by all served defendants as required by 28 U.S.C. § 1446, the matter must be remanded to the proper state court.

Therefore, **IT IS ORDERED** that Plaintiff's Motion to Remand [Rec. Doc. 5] be and is hereby **GRANTED.** This case is remanded to the First Judicial District Court, Caddo Parish, State of Louisiana.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 5 day of June, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE